THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE CIVLL S.4, 7.1(a)(1)
(Rule Number/Section)

FILED ___ LODGED
___ RECEIVED ___ COPY

SEP 19 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

Viorel Onea,

Plaintiff,

v.

Unites States Immigration
and Customs Enforcement,
et al.,

Defendants.

No CV-23-02575
-PHX-SRB (ESW)

Second Amended Complaint
For Injunctive And Declaratory
Relief And Petition For
Habeas Corpus

## Jurisdiction And Venue

1) This case challenges Immigration and Customs Enforcement and al., practice of issuing Immigration Deiners and thereby cousing the detention of thousand of people every year on violation of Fourth Amendment, the Fifth Amendment's Due Procers Clause and the governing federal statute.

2) This court has subject matter jurisdiction under 28 U.S.C. § 1331 and Article III of the U.S. Constitution. It has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202 and injuntive relief under 5 U.S.C § 702. Alternatively, this court has subject matter jurisdiction under 28 U.S.C. § 2241, as

1  THE ISSUANCE OF AN IMMIGRATION DETAINER PLACES
2  PLAINTIFF IN THE CONCURRENT OR FUTURE CUSTODY OF
3  I.C.E. VENUE IS PROPER UNDER 28 U.S.C. § 1391(b)(2)
4
5            INTRODUCTION
6
7  3.   AN IMMIGRATION DETAINER ALSO KNOWN AS AN ICE
8       DETAINER, IS A REQUEST THAT AN LEA CONTINUE TO
9       DETAIN AN INDIVIDUAL FOR 48 HOURS, EXCLUDING
10      WEEKENDS AND HOLIDAYS, BEYOND THE TIME WHEN HE
11      OR SHE WOULD OTHERWISE BE RELEASED FROM CRIMINAL
12      CUSTODY, TO PROVIDE ICE EXTRA TIME TO ASSUME PHYSICAL
13      CUSTODY OF THE PERSON AND INVESTIGATE HIS OR F HER
14      IMMIGRATION STATUS.
15 4. BECAUSE AN IMMIGRATION DETAINER PURPORTS TO
16      AUTHORIZE MULTIPLE DAYS OF IMPRISONMENT UNRELATED
17      TO THE INITIAL CRIMINAL CUSTODY, IT EFFECTIVELY
18      CAUSES A NEW SEISURE, AND THUS MUST BE SUPPORTED
19      BY PROBABLE CAUSE TO BELIVE THE INDIVIDUAL SO
20      DETAINED IS SUBJECT TO DETENTION AND REMOVAL. AT
21      NO ICE PROVIDE ANY JUDICIAL PROBABLE CAUSE DETERMI-
22      NATION. AS A RESULT. ICE's ISSUANCE OF IMMIGRATION
23      DETAINERS VIOLATES THE FOURTH AMENDMENT AND/OR THE
24      FIFTH AMENDMENT'S DUE PROCESS CLAUSE BY RESTRAINING
25      AND DEPRIVING INDIVIDUALS OF THEIR LIBERTY WITHOUT
26      PROBABLE CAUSE, AND WITHOUT A PROMPT JUDICIAL
27      DETERMINATION OF PROBABLE CAUSE.
28 5. ICE's ISSUANCE OF IMMIGRATION DETAINERS ALSO

EXCEEDS THE STATUTORY LIMITATION ON ICE's WARRANTLESS
END ENFORCEMENT POWERS AT 8 U.S.C. §1357(a) by EFFECTING
WARRANTLESS ARRESTS OF INDIVIDUALS WITHOUT AN
INDIVIDUALIZED DETERMINATION OF PROBABLE CAUSE TO
BELIVE THAT THEY ARE REMOVABLE OR THAT THEY ARE
LINELY TO ESCAPE BEFORE A WARRANT CAN BE OBTAINED.
6. PLAINTIFF VIOREL ONEA is SUCH A PERSON. ONEA
WAS DETAIN OVER 90 DAYS IN ICE CUSTODY TO DISREGARD
OF HIS MEDICAL CONDITIONS. ONEA SUFER FROM HIGH BLOOD
PRESSURE, HIGH DEPRESSION AND HIS IS TAKEN BLOOD
TINER MEDICATION.

PARTIES

7 - PLAINTIFF VIOREL ONEA A 55-YEAR-OLD
CITIZEN OF ROUNANIA, is A RESIDENT OF LOS ANGELES
COUNTY, CALIFORNIA. AT THE TIME OF DETENTION ONEA
WAS OVER EXTENDED DETENTION TIME REGARDING
HIS MEDICAL CONDITION AND FEW 911 INTERVENTION
AT LOCAL HOSPITAL.

8 DEFENDANT ICE is A COMPONENT OF THE
DEPARTAMENT OF HOMELAND SECURITY (DHS) AND is
is RESPONSABLE TO OVERSEEING AND ENFORCING
FEDERAL IMMIGRATION LAWS. TROUGH ITS OFFICERS AND
EMPLOYEES, ICE ISSUES IMMIGRATION DETAINERS TO
FEDERAL STATES, AND LOCAL LEA. UPON INFORMATION
AND BELIEF, BOTH ICE HEADQUARTERS AND THE FLORENCE
ICE FIELD OFFICE HAVE THE AUTHORITY AND
RESPONSABILITY TO SET POLICIES AND OVERSEE
DETAINER ISSUEANCE.

9- DEFENDANT WIKINSON SENIOR OFFICER
ESTABLISHES IMMIGRATION DETAINER POLICY FOR ICE
INCLUDING APPLICATION OF DETAINERS REGULATIONS
AND APPROVAL OF THE USE OF FORM $\underline{I}$-247 DETAINER
PLAITIFF SUE SENIOR OFFICER/SUPERVISOR WIKINSON
IN HIS OFFICIAL CAPACITY.

10- DEFENDANT JASON A. GILIBERTI DEPUTY FIELD
OFFICE DIRECTOR PHOENIX FIELD OFFICE. IN CHARGE
OF HUMANITARIAN PAROLE REQUESTS.

10B - HEET / ICE OFFICER IN CHARGE OF MY
CASE.

Statement of Facts

1
2    Immigration Detainers cause the warrantless
3  Seizure and extended detention of people who would
4    otherwise be released from criminal custody.
5
6    11 - An immigration detainer has three stated purposes
7    (1) To "advise another law enforcement agency
8    that [ICE] seek custody of an "alien" presently
9    in the custody of that agency, for the purpose
10   of arresting and remove the alien, "8 C.F.R. §
11   287.7(a), (2) To an Request that such agency advise
12   [ICE], prior to release of the alien, in order for
13   [ICE] to arrange to assume custody, in situations
14   when gaining immediate physical custody is either
15   impracticable or impossible," id. § 287.7(a) and (3) To
16   request that LEA "maintain custody of the alien for
17   a period not exceed 48 hours, excluding Saturdays,
18   Sundays, and Holidays in order to permit assumption of
19   custody by the Department" id. § 287.7(a). ICE's
20   is current detainer form, Form I-247, expressly
21   ask for and purports to authorize this additional
22   period of detention. ~~Because~~
23   12 - Immigration detainers are not warrant or court
24   orders, and they are not issued or approved by
25   judicial officers. Instead, they are unsworn doc-
26   uments that may be issued by a wide variety
27   of immigration officers and deportation officers
28   8 C.F.R. § 287.7(b). ICE does not provide

ANY POST-ARREST JUDICIAL DETERMINATION OF PROBABLE CAUSE OF REMOVABILITY FOR THOSE IT CAUSES TO BE SEIZED ON IMMIGRATION DETEINERS.

13- THE FEDERAL DETAINER REGULATIONS DOES NOT ARTICULATE AN EVIDENTIARY STANDARD, AND STATES ONLY THAT A DETAINER MAY BE ISSUE "AT ANY TIME" 8 C.F.R. § 287.7 (a).

14- AS ONE GOVERNMENT ATTORNEY EXPLAINED, ICE USES DETAINERS AS "A STOP GAP MEASURE .... TO GIVE ICE TIME TO INVESTIGATE WHETER SOMEBODY'S AN ALIEN, AND/OR SUBJECT TO REMOVAL, BEFORE LOCAL LAW ENFORCEMENT RELEASES THAT PERSON FROM CUSTODY" ORAL ARGUMENT TRANSCRIPT ECF#79, GALARZA V. SZALCZYK, NO. 10-0685 (E.D.PA. JAN. 10, 2012).

15- NUMEROUS FEDERAL COURTS HAVE RECOGNIZED THAT INVESTIGATIVE INTEREST IS A CONSTITUTIONALLY INSUFFICIENT BASIS FOR DETAINING AN INDIVIDUAL, AND HELD ICE DETAINERS CONSTITUTIONALLY INVALID ON THAT BASIS. SEE, E.G. VILLARS V. KUBIATOWSKI, F. SUPP. 2D —, 2014 WL 1795631 N.D ILL MAY 5, 2014)

16- ONCE THE DETAINEE HAS BEEN TRANSFERED FROM AN LEA TO ICE'S PHYSICALLY CUSTODY, ICE INTER-PRETS 8 C.F.R § 287.3 (d) TO GIVE AN ADDITIONAL 48 HOURS TO MAKE A CHARGING AND CUSTODY DETE-RMINATION. FOLLOWING TRANSFER TO ICE, ICE ENFOR-CEMENT OFFICER EXAMINES THE DETAINEE, for THE PURPOSE OF GATHERING EVIDENCE TO SUSTAIN

1  a CHARGE OF REMOVABILITY. 8 U.S.C. § 1357(a); 8 C.F.R.
2  § 287.3 (d).
3  17- AT NO POINT DURING THIS PROCESS DOES A
4  JUDICIAL OFFICIAL REVIEW THE LEGALITY OF THE
5  DETENTION - NEITHER THE EXAMINATION BY THE ICE
6  ENFORCEMENT OFFICER NOT THE CUSTODY AND CHARGING
7  DECISION CONSTITUES A JUDICIAL PROBABLE CAUSE
8  DETERMINATION NOR THEY PROVIDE PROCEDURAL PROTECTION
9  TO GUARD AGAINST ERRONEOUS DEPRIVATION OF LIBERTY
10         Other  Impacts of Immigration Detainers
11  18 — AN IMMIGRATION DETAINER CAN ALSO AFFECT AN INMATE'S
12  PRISON/JAIL CLASSIFICATION OR ELIGIBILITY TO WORK PROGAMS
13  FOR EXAMPLE, UNDER CALIFORNIA DEP. OF CORRECTIONS AND
14  REHABILITATION (CACR) REGULATIONS, AN IMMIGRATION DETAINER
15  AFFECTS A PRISONER'S CLASSIFICATION SCORE AND AFFECTS
16  WHERE HE OR SHE IS HOUSED. ACCORDING TO THOSE REGULATIONS
17  IMMIGRATION DETAINERS ARE CONSIDERED AS A FACTOR IN DECIDING
18  WHETHER TO RECOMMANDED THE RECALL OF AN INMATE'S
19  COMMITMENT AND MEDICAL PAROLE. OMEA'S MEDICAL PAROLE
20  REQUEST WAS DENIED. THAT REFLECT HOW SICK ICE
21  INSTITUTION IS AND THOSE IN CHARGE. EXH A
22         PLAINTIFF ' Allegations
23  19- Do TO INTENTIONAL AND MALICIOUS TREATEMENT IN
24  ICE/FLORENCE DETENTION CENTER OMEA WENT TO A
25  SECOND HEART SURGERY IN 2023. THE DAMEGES OF
26  INCARCERATION ARE PERMANENT AND IREVERSIBLE
27  I.C.E. FORCED OMEA IN ALTERNATIVE TO DETENTION AND
28  FURDHER MORE HARRASING HIM. FOR EXAMPLE CALLING

AT ADD HOURS WHEN SUPPOSE TO CALL BETWEEN 9:30-10 AM. OR MAKING UNNECESADRY APPOIMENTS OR SPYING ON HIS PHONE IN REGULAR BASES. OHEA TRYED TO RESQUEDULE SOME APPOINTMENT BUT ICE WAS NOT RESPONDING THE PHONE CALLS.

### COMPLEINT ALLEGATIONS

PLAINTIFF VIOREL OHEA SEEK INJUNCTIVE AND DECLARATORY RELIEF UNDER FEDERAL RULES OF CIVIL PROCEDURE 23(a) and (b)(2).

### THE ACTION

20- THE PROPOSED ACTION IS DEFINED AS ALL CURRENT AND FUTURE PERSONS WHO ARE (1) DETAINED IN THE CUSTODY OF A FEDERAL, STATE, OR LOCAL LEA, (2) HAVE AN IMMIGRATION DETAINER PLACED ON THEM BY THE ICE FLORENCA/AZ OR BY ANY OTHER OFFICE OR SUB-OFFICE ACTING IN CONCERT WITH OR UNDER THE JURISDICTION OF THE ICE FLORENCE OFFICE, AND (3) ARE OR WILL BE DETAINED BY A FEDERAL, STATE OR LOCAL LEA ON THE ON THE SOLE AUTHORITY OF THE IMMIGRATION DETAINER WHEN THEY BECOME ELIGIBLE FOR RELEASE FROM CRIMINAL CUSTODY.

### NUMEROSITY

21- THIS ACTION MEETS THE NUMEROSITY REQUIREMENTS OF RULE 23(a)(1). JOINDER OF ALL CLASS MEMBERS IS IMPRACTICAL. AS ICE CONTINUOUSLY LODGES IMMIGRATION DETAINERS AGAINST INDIVIDUALS IN LEA CUSTODY AND THEN ASUMES PHYSICAL CUSTODY AND/OR CANCELS THOSE DETAINERS, THE MEMBERSHIP OF THE CLASS CHANGES CONTINUOUSLY.

Comonality

22 — THE ACTION MEETS THE COMMONALITY REQUIREMENT OF RULE 23(a)(2). QUESTIONS OF LAW AND FACT PRESENTED by THE NAMED PLAINTIFF ARE COMMON TO OTHER FORMER ICE INMATES. THE COMMON QUESTIONS OF FACT OR LAW THAT UNITE THE CLAIMS OF THE ACTION INCLUDE THE FOLLOWING.

23 DOES ICE HAVE A PRACTICE OF ISSUING IMMIGRATION DETAINERS WITHOUT DETERMINING WHETHER IS A PROBABLE COUSE TO BELIVE THAT THE PERSON SUBJECT TO DETAINER is REMOVABLE?

24 DOES THE PRACTICE ALSO CONSTITUTE ULTRA VIRES AGENCY ACTION IN VIOLATION OF THE STATUTORY LIMITS ON ICE WARRANTLESS ARREST AUTHORITY AT 8. U.S.C § 1357(a)?

25. DOES THAT PRACTICE, WHICH FORESEEABLE RESULTS IN CLASS MEMBER BEEING DETAINED IN FEDERAL, STATE OR LOCAL JAILS AFTER THEY ARE OTHERWISE ENTITLE TO RELEASE, VIOLATE EITHER THE FOURTH OR FIFTH AMENDMENT OF THE U.S. CONSTITUTION?

26. DOES THAT PRACTICE ALSO CONSTIVE ULTRA WIRES AGENCY ACTION IN VIOLATION OF THE STATUTORY LIMITS ON ICE'S WARRANTLESS ARRESTS AUTHORITY AT 8. U.S.C § 1357(a)?

27. DOES ICE HAVE A PRACTICE OF ISSUING IMMI-GRATION DETAINERS THAT RESULTS IN THE SUBJECTS BEING HELD IN CUSTODY AFTER THEY WOULD BE OTHERWISE RELEASED WITHOUT A PROMPT JUDICIAL PROBABLE CAUSE DETERMINATION?

1  · Does that Practice violate either the Fourth or
2  Fifth Amendement of the U.S. Constitution?
3          Typicality
4  28 The Plaintiff claims are typical of the action
5  as a whole. Plaintiff of the proposed action allege
6  that ICE has a practice of issuing immigration
7  detainers without probable cause to belive they
8  are removable, without any judicial involvement, and
9  without determining the likelihood of escape. This
10 practice violates the Fourth or Fifth Amendments
11 and the governing federal statutes.
12          Claims
13      First Couse of Action:
14      Violation of 5 U.S.C. 33706(2)(A)-(D) (Ultra Vires)
15 29. Plaintiff incorporate the allegation of the
16 proceding paragraphs as it fully set forth herein
17 30. Pursuant to 8 U.S.C. 31357(a) Congress limited
18 Defendant's warrantless arrest authoryti to
19 situation in which there is probable cause of
20 removability and a likelihood of escape before a
21 warrant can be obtained.
22 31. When Defendants issue detainers, they are
23 asking and purporting to authorize LEA to make
24 warrantless arrests of Plaintiff and other class
25 members on ICE behalf, yet they do so without
26 an individualized determination of probable
27 cause of removability or likelihood of escape
28 in violation of the limitation placed by 8.U.SC.31357(a)

10

32 - DEFENDANT'S ISSUANCE OF DETAINERS IN EXCESS
OF ITS STATUTORY AUTHORITY CAUSES PLAINTIFF AND
OTHER MEMBERS HARM BY TAKING AWAY, LIMITING
AND OTHERWISE IMPACTING THEIR LIBERTY WITHOUT
LAWFUL AUTHORITY

Second Cause of Action:

Fourth Amendment Violation (Unlawful Seizure)

33 - PLAINTIFF INCORPORATE THE ALLEGATION OF THE
PROCEEDING PARAGRAPHS AS IF FULLY SET FORTH HEREIN
- AS SET FORTH ABOVE, DEFENDANT'S ISSUANCE OF
IMMIGRATION DETAINERS CAUSES PLAINTIFF'S PREJUDICE
BY UNREASONABLY TAKING AWAY LIMITING, AND OTHERWISE
IMPACTING THEIR LIBERTY WITHOUT PROBABLE CAUSE TO
BELIVE THEY ARE REMOVABLE IN VIOLATION OF THE FOURTH
AMENDMENT.

Third Cause of Action

Fifth Amendment Violation (Unreasonable Over-Detention)

34 - PLAINTIFF INCORPORATE THE ALLEGATIONS OF THE
PROCEEDING PARAGRAPH AS IF FULLY SET FORTH HEREIN
- THIS CAUSE OF ACTION IS BROUGHT AS AN ALTERNATIVE
TO THE SECOND CAUSE OF ACTION, IN THE EVENT THE COURT
RULES THAT THE DETENTION OF PLAINTIFF AND OTHER CLASS
MEMBERS WITHOUT PROBABLE CAUSE TO BELIVE THEY ARE
REMOVABLE IS PROPERLY ANALYZED UNDER THE DUE
PROCESS CLAUSE RATHER THAN OR IN ADDITION TO THE
FOURTH AMENDMENT.

35 - AS SET FORTH ABOVE, DEFENDANTS' ISSUANCE OF
IMMIGRATION DETEINERS CAUSES PLAINTIFF'S AND OTHER

11

1  & CLASS MEMBERS PREJUDICE BY UNREASONABLE
2  TAKING AWAY, LIMITING, AND OTHERWISE IMPACTING THEIR
3  LIBERTY IN VIOLATION OF THEIR DUE PROCESS RIGHT TO
4  BE RELEASED WITHIN A REASONABLE TIME AFTER THE
5  INITIAL REASON FOR THEIR DETENTION HAS ENDED.
6              FOURTH CAUSE OF ACTION:
7          FOURTH AMENDMENT VIOLATION (DETENTION WITHOUT
8      PROMPT JUDICIAL PROBABLE CAUSE DETERMINATION)
9  37 - PLAINTIFF INCORPORATE THE ALLEGATIONS OF THE
10  PRECEDING PARAGRAPHS AS IF FULLY SET FORTH HEREIN
11  38 - THE FOURTH AMENDMENT REQUIRES THAT AN ARRESTS
12  BE APPROVED BY A NEUTRAL JUDICIAL OFFICIAL, EITHER
13  BEFORE THE ARRESTS (IN THE FORM OF A WARRANT) OR
14  PROMPTLY AFTERWARD (IN THE FORM OF A PROMPT JUDICIAL
15  PROBABLE CAUSE DETERMINATION) SEE GERSTEIN V Pugh
16  420 U.S. 103 (1975). ABSENT AN EMERGENCY OR OTHER
17  EXTRAORDINARY CIRCUMSTANCES, A DETENTION OF MORE
18  THEN 48 HOURS PRIOR TO A JUDICIAL PROBABLE CAUSE
19  DETERMINATION VIOLATES THE FOURTH AMENDMENT AS A
20  MATTER OF LAW  SEE COUNTY OF RIVERSIDE V. McLoughlin
21  , 500 U.S. 44, 57 (1991) THE 48 HOURS INCLUDE WEEKENDS
22  AND HOLIDAYS.
23  39 - AS SET FORTH ABOVE, DEFENDANTS DO NOT PROVIDE
24  A JUDICIAL PROBABLE CAUSE DETERMINATION AT ANY
25  TIME FOR PLAINTIFF. DEFENDANTS' FAILURE TO PROVIDE
26  PLAINTIFF AND THOSE SIMILARLY SITUATED WITH A
27  PROMPT, JUDICIAL PROBABLE CAUSE DETERMINATION CAUSES
28  THEM PREJUDICE BY UNREASONABLE TAKING AWAY, LIMITING

12

1   AND OTHERWISE IMPACTING THEIR LIBERTY IN VIOLATION
2   OF THE FOURTH AMENDMENT.
3          FIFTH CAUSE OF ACTION:
4       FIFTH AMENDMENT VIOLATION (PROCEDURAL DUE PROCESS)
5   40 - PLAINTIFFS INCORPORATE THE ALLEGATION OF THE
6   PRECEDING PARAGRAPHS AS IF FULLY SET FORTH HEREIN
7   - THIS CAUSE OF ACTION IS BROUGHT AS AN
8   ALTERNATIVE TO THE FOURT COUSE OF ACTION, IN THE
9   EVENT THE COURT RULES THAT THE FAILURE TO PROVIDE
10  PLAINTIFF A PROMPT, JUDICIAL PROBABLE CAUSE
11  DETERMINATION IS PROPERLY ANALYZED AS A PROCEDURAL
12  DUE PROCESS CLAIM, RATHER THAN OR IN ADDITION
13  TO UNDER THE FOURTH AMENDMENT.
14  41 - AS SET FORTH ABOVE, DEFENDANTS AS A ROUTINE
15  MATTER FAIL TO PROVIDE A JUDICIAL PROBABLE CAUSE
16  DETERMINATION FOR PLAINTIFF IT CAUSING THEM PREJUDICE
17  BY UNREASONABLY TAKING AWAY, LIMITING, AND OTHERWISE
18  IMPACTING THEIR LIBERTY IN VIOLATION OF THEIR PROCEDURAL
19  DUE PROCESS RIGHTS.
20        PETITION FOR HABEAS CORPUS
21  42 - PLAINTIFF INCORPORATE THE ALLEGATIONS OF THE
22  PRECEDING PARAGRAPHS AS IT FULLY SET FORTH HEREIN
23  43 - THIS CLAIM FOR RELIEF IS BROUGHT AS AN
24  ALTERNATIVE TO THE FIRST FIVE CLAIMS FOR RELIEF
25  IN THE EVENT THE COURT RULES THAT THE ONLY VEHICLE
26  FOR RELIEF IS BY WRIT OF HABEAS CORPUS.
27  44 - THE ISSUANCE OF AN IMMIGRATION PLACES PLAINTIFF
28  IN FEDERAL CUSTODY FOR THE PURPOSES OF 28 U.S.C § 2241

45- THE ISSUANCE OF AN IMMIGRATION DETAINER AGAINS
PLAINTIFF RESULTS IN DETENTION WITHOUT PROBABLE
CAUSE THAT VIOLATES THE FOURT AMENDMENT OR, ALTERNA-
TIVELY, THE FIFTH AMENDAMENT.

46 - THE ISSUANCE OF AN IMMIGRATION DETAINER AGAINST
PLAINTIFFS AND THOSES RESULTS IN ULTRA VIRES DETENTION
WITHOUT STATUTORY AUTHORITY IN CONTRAVENTION OF THE
LIMITS PLACED BY CONGRESS ON DEFENDANTS'S
WARRANTLESS ARREST AUTHORITY.

47 - THE FAILURE TO PROVIDE PLAINTIFF AND THOSE
SIMILARY SITUATED WITH A PROMPT, JUDICIAL PROBABLE
CAUSE DETERMINATION RESULT IN A DETENTION THAT
VIOLATES THE FOURTH AMENDMENT OR, ALTERNATIVELY
THE FIFTH AMENDAMENT.

48 - PLAINTIFF SEEK TO PURSUE A REPRESENTATIVE
ACTION TO REPESENT THE PROPOSED CLAIMS.

                    PRAYER FOR RELIEF
   WHEREFORE, PLAINTIFF RESPECTFULLY REQUEST THAT
THE COURT GRANT THE FOLLOWING RELIEF.
   1 ISSUE AN IN INJUNCTION ORDERING DEFENDANTS
, THEIR SUBORDONATES, AGENTS, EMPLOYEES, AND ALL
OTHER ACTING IN CONCERT & WITH THEM TO RESCINT
ANY IMMIGRATION DETAINERS ISSUED AGAINST PLAINTIFF
C. ENJOIN DEFENDANTS, THEIR SUBORDONATES, AGENTS,
EMPLOYEES, AND ALL OTHERS ACTING IN CONCERT WITH
THEM FROM REQUESTING DETENTION ON AN IMMIGRATION
DETEINER, WITHOUT FIRST DETERMINING THAT THERE IS
PROBABLE CAUSE TO BELIVE THE SUBJECT IS REMOVABLE

providing a judicial determination of probable cause, and providing a warrant

3 Enter a judgement declaring that the detainers issued against Plaintiff violates the Fourth Amendment and/or the Fifth Amendment Due Process Clause because they purport to authorize Detention without a constitutionally adequate probable cause determination;

4 Enter a judgment declaring that the detainers issued against Plaintiff and other members of the proposed action exceed Defendant's authority under 8 U.S.C. § 1357(a) because they purport to authorize warrantless detention without an individualized determination of probable cause that the subjects are removable

5. Award Plaintiff reasonable fees and costs

6 Grant any other relief that this court may deem fit and proper

Dated                          Respectfully submitted,
    09/16/2024
                               Viorel Ohea

15

*Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
Florence Detention Center
3250 N. Pinal Parkway Avenue
Florence, AZ 85132



**U.S. Immigration
and Customs
Enforcement**

ONEA, Viorel
A073 663 775
c/o Central Arizona Florence Correctional Complex
1100 Bowling Road
Florence, AZ  85132

OCT 2 8 2022

Re: Humanitarian Parole Request for ONEA, Viorel; A073 663 775

## NOTICE OF DENIAL OF REQUEST FOR RELEASE ON HUMANITARIAN PAROLE

Dear Mr. Onea,

The U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), Phoenix Field Office is in receipt of your request for Humanitarian Parole dated October 17, 2022.

After a careful review of the application and supporting documentation you submitted, it has been determined that, as a matter of discretion, ICE will not grant humanitarian parole in this case at this time. Should you have any questions, please feel free to contact Deportation Officer J. Heet in Florence, AZ, at 520-868-8371.

Sincerely,

Jason A. Ciliberti
Deputy Field Office Director
Phoenix Field Office